# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**James L. Kirk,**
**Claimant Below, Petitioner**

**v.)** **No. 24-786** (JCN: 2023003296)
(ICA No. 24-ICA-190)

**West Virginia Paving, Inc.**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James L. Kirk appeals the October 28, 2024, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Kirk v. West Virginia Paving, Inc.*, No. 24-ICA-190, 2024 WL 4602005 (W. Va. Ct. App. Oct. 28, 2024) (memorandum decision). Respondent West Virginia Paving, Inc. filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the April 5, 2024, order of the Workers' Compensation Board of Review affirming the August 15, 2023, claim administrator's order denying the request to add lumbar radiculopathy as a compensable condition of the claim.[2]

On appeal, the claimant argues that the ICA and Board of Review were clearly wrong in finding that the claimant did not prove by a preponderance of the evidence that he sustained lumbar radiculopathy as a result of the compensable injury. Although the claimant did suffer from back pain and sciatica prior to the compensable injury that occurred on August 5, 2022, he argues that he was still able to work and function without issue; however, after the compensable injury, his condition worsened well beyond a mere aggravation of the prior condition. Richard Douglas, M.D., the claimant's neurosurgeon, noted that the claimant's quality of life was significantly affected, and his ability to complete his activities of daily living had greatly diminished due to the return of radicular pain following the work injury. The claimant contends that the new symptoms that he developed after the compensable injury show that he did suffer from a new discrete injury when compared to his prior back condition. Accordingly, the claimant asserts that the Board of Review's decision should have been reversed by the ICA as being clearly wrong. The employer

---

[1] The petitioner is represented by counsel Reginald D. Henry and Lori J. Withrow, and the respondent is represented by counsel Steven K. Wellman and James W. Heslep.

[2] The petitioner appeals solely regarding the denial of lumbar radiculopathy as a compensable component of the claim. We note, as did the ICA and Board of Review, that strain of the lower back and abdominal strain are already compensable conditions in this claim, thus, those conditions will not be addressed.

counters by arguing that the claimant's lumbar radiculopathy was both preexisting and actively symptomatic before the compensable injury ever occurred. As such, the employer argues that the Board of Review thoroughly weighed the evidence and rebutted any inference of causation established after an analysis under *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E. 2d 779 (2022), and the ICA's decision should be affirmed.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error regarding the issue on appeal and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: November 25, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison